**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TYSON GECK**, | Case No.   6:23-cv-901 |
| Plaintiff, | **COMPLAINT** |
| v. | **(42 U.S.C. § 1983)** |
| **STATE OF OREGON;** and **JOHN AND JANE DOES I-III**, | **JURY TRIAL DEMANDED** |
| Defendants. | |

    1.    Plaintiff Tyson Geck, an inmate at Oregon State Correctional Institution (OSCI), was seriously injured on June 27, 2021, when he passed out due to the temperature of his cell and fell into a glass window, severely cutting his arm and severing a tendon. He was taken to the hospital but did not receive necessary follow-up medical care and has suffered permanent injury to his hand and arm. Geck sustained serious physical injuries. Geck suffered and continues to suffer from pain and emotional distress related to the injuries.

    2.    Defendants violated Geck's federal constitutional rights by failing to provide him

PAGE 1 – FIRST AMENDED COMPLAINT

with necessary medical care and were negligent. Geck seeks compensatory and punitive damages, as well as attorney fees and costs as set forth below.

## PARTIES

3. Plaintiff Tyson Geck was an inmate in ODOC custody at OSCI.

4. Defendant State of Oregon administers ODOC which owns and operates OSCI.

5. Defendants John and Jane Does I-III (referred herein as the "Doe defendants") were medical staff at OSCI. The Doe defendants acted under the color of law and were deliberately indifferent to his constitutional rights. Plaintiff intends to amend the complaint to name the Doe defendants when they are identified.

## FACTS

6. On or about June 27, 2021, Geck was housed at OSCI in Unit 4, cell 61. The temperature was over 110 degrees outside and over 115 degrees in the cell. Geck was sitting at his desk. He attempted to stand and fainted from the heat. His hand fell through the window of his cell, cutting him severely.

7. After he fell his cellmate attempted to summon the unit officer. He yelled "man down" (a universally understood call for medical distress in prison) out the door for half an hour. After the officer (unknown name) came to the cell and said he would summon medical. It then took another 15 to 30 minutes for medical to arrive at the cell. Medical staff sprayed the open wound with disinfectant and wrapped it in gauze. They told Geck it would be "okay," and they would check on him the next day. Geck continued to have severe pain and approximately two hours later he was transported to the emergency room at an outside hospital.

8. At the hospital medical staff cleaned the wound of glass and Geck received nine stitches in his hand. A tendon was cut in his hand and hospital staff informed Geck he would need surgery to have the tendon reattached. As a result of the injury, Geck lost mobility in

fingers and suffers from constant pain in his hands.

9. Upon his return to OSCI, Geck repeatedly requested medical care for his hand, and informed staff that he needed to have the tendon reattached. The Doe defendants refused to have the surgery scheduled. Geck's injury has become permanent, and he suffers from pain and discomfort. He was not provided with any therapy or follow-up medical treatment at OSCI.

10. Geck sustained serious physical injuries and required emergency medical attention. Geck suffered lasting physical harm and his need for care, including physical therapy and pain medication, is ongoing.

11. Geck used and exhausted the prisoner grievance procedure at OSP in full.

## CLAIM I

### (42 U.S.C. § 1983 – against Doe Defendants)

12. Geck re-alleges all previous relevant paragraphs as if fully stated herein.

13. By failing to protect Geck and refusing to provide him with necessary medial care, as alleged above, the Doe Defendants violated Geck's Eighth Amendment Rights under the U.S. Constitution.

14. The Doe Defendants' conduct caused Geck physical injuries, pain, as well as emotional distress. Geck seeks economic, and noneconomic damages to redress these injuries.

15. The Doe Defendants' acts were willful and malicious and done with reckless indifference to Geck's protected rights. The Doe Defendants should be assessed punitive damages in an amount as fixed by a jury to punish him and to deter such conduct in the future.

16. Geck is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### (Negligence – against State of Oregon)

17. Geck re-alleges all previous relevant paragraphs as if fully stated herein.

PAGE 3 – FIRST AMENDED COMPLAINT

18. The State of Oregon, as owner and operator of OSCI, or through its agents or employees, negligently injured Geck by failing to provide necessary medical care. Their conduct fell below the standard of care for medical professionals.

19. Defendants knew or should have known that failing to approve and provide treatment on his hand would result in serious physical injury, as well as severe physical and mental pain and suffering. As a result of Defendants disregarding this obvious risk of harm, Geck suffered physical harm and pain.

20. Defendants failed to use reasonable care as alleged above. Defendants failed to use reasonable care in failing to provide Geck of the hazard of having the cell door close on him or to remediate said hazard. Defendants' conduct was negligent.

21. Defendants' conduct was unreasonable in light of the risk of harm to Geck.

22. ODOC owes Geck a higher standard of care because of the nature of incarceration. As a ward of the State, ODOC manages all aspects of Geck's health care, and decides when a request for a medical appointment should be granted. Had Geck been a free person, he would have sought the appropriate treatment immediately; if he had done so he would have discovered ODOC's medical error. However, as an incarcerated person, when Geck sought treatment while in ODOC's facility, his pleas for treatment were unmet. ODOC voluntarily took the custody of Geck under circumstances such as to deprive him of normal opportunities for protection and created a non-delegable duty to ensure that he was able to access adequate medical care while incarcerated. ODOC did not meet its obligation to provide for healthcare, including medical, dental, mental health care and pharmacy services, that complies with appropriate professional standards, as required by OAR 291-124-0016(1)(c).

23. As a direct and proximate result of Defendants' negligence, Geck suffered physical harm and severe physical and mental pain and suffering. Because of Defendants' failure

PAGE 4 – FIRST AMENDED COMPLAINT

to treat Geck, Geck suffered permanent physical harm. He will require future treatment as a result of defendants' conduct.

24. Geck provided ODOC with a timely Tort Claims Notice.

25. Defendants' conduct was a substantial factor in causing harm to Geck.

26. As a result of Defendants' conduct, Geck suffered economic and non-economic damages in an amount to be proved at trial.

27. Geck is entitled to a prevailing party fee, his costs and his disbursements.

28. Geck should be fully and fairly compensated for these economic and non-economic damages in a sum that is just as determined by a jury.

## PRAYER

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment granting him:

a) A declaration that the acts and omissions described herein violated his rights under the U.S. Constitution;

b) An award of compensatory damages in a sum that is just as determined by a jury;

c) An award of punitive damages in a sum that is just as determined by a jury;

d) Plaintiff's costs and attorney fees in this suit, and

e) Any additional relief this court deems just, proper, and equitable.

Plaintiff requests a trial by jury on all matters so triable.

DATED: June 21, 2023

**Law Offices of Daniel Snyder**

*s/ John Burgess*
John Burgess, OSB No. 106498
johnburgess@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Of Attorneys for Plaintiff

PAGE 5 – FIRST AMENDED COMPLAINT